# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLEOPHAS HIRAM FRANKLIN,

        Petitioner,                                  Case Number: 2:08-CV-13274

v.                                                       HON. GERALD E. ROSEN

CINDI CURTIN,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Cleophas Hiram Franklin has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated pursuant to a first-degree criminal sexual conduct conviction. He challenges the sentencing court's failure to provide him credit for the time he served in jail awaiting sentencing. For the reasons set forth below, the Court denies the petition.

## I.

On July 11, 2005, Petitioner pleaded no contest in Wayne County Circuit Court to one count of first-degree criminal sexual conduct pursuant to a plea agreement whereby the prosecutor dismissed two additional first-degree criminal sexual conduct charges and a habitual offender charge and Petitioner would be sentenced to 10 to 25 years' imprisonment. On August 9, 2005, Petitioner was sentenced in accordance with the plea agreement to 10 to 25 years' imprisonment. He received no credit for time served in jail awaiting sentencing.

Petitioner filed a motion for resentencing in the trial court arguing that he was entitled to be awarded credit for time served in jail from the time of his arrest on February 10, 2005 until

his sentencing on August 9, 2005. The trial court denied the motion, holding that, because Petitioner was on parole at the time he was arrested, he was not entitled to credit against his sentence for the time he was held on a parole detainer. *People v. Franklin,* No. 05-001971-FH (Wayne County Cir. Ct. July 26, 2007).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant's constitutional double jeopardy, due process, and equal protection guarantees were violated where he received no credit against the new minimum sentence for a crime committed while on parole.
>
> II. Defendant is entitled to credit on the minimum term for time served prior to sentencing despite committing this offense while on parole as no additional time was added to his prior sentence when his parole on that sentence was revoked; this violates Michigan law regarding consecutive sentencing and jail credit.

The Michigan Court of Appeals denied leave to appeal. *People v. Franklin*, No. 275348 (Mich. Ct. App. Feb. 14, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Franklin*, No. 133584 (Mich. July 30, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the same claims raised in his state court appeals.

## II.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

2

adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.*

3

at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

**III.**

Petitioner argues that he was improperly denied sentencing credit for time served in jail before his sentencing for the first-degree criminal sexual conduct offense, which he committed while on parole. He argues that the failure to apply sentence credit to the sentence imposed for the criminal sexual conduct offense violates his rights under the Equal Protection and Double Jeopardy Clauses. He also alleges that the failure to afford sentence credit violates Michigan law.

Under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. Laws Ann. § 791.238(2); *People v. Stewart*, 203 Mich. App. 432, 433 (1994). The Michigan Court of Appeals has held that where, as here, a defendant has already served the minimum sentence on the paroled offense, he is not then entitled to credit for time served on the new offense. The state court explained:

> [A] parole violator "is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment." And any remaining portion of the original sentence must be served before a sentence for a second offense may begin. Thus, just because a parolee has served his or her minimum sentence, it does not follow that the credit must therefore be applied against his or her new sentence when he or she remains liable to continue serving out the maximum sentence. Moreover, if a defendant is not required to serve additional time on the previous sentence because of the parole violation, then the time served is essentially forfeited.

*People v. Filip*, 278 Mich. App. 635, 642 (Mich. Ct. App. 2008). Petitioner was on parole when

he committed the offenses at issues in this case.

In the pending case, the trial court, when denying Petitioner's motion for resentencing, held that Petitioner was not entitled to sentencing credit. The trial court held that, under Michigan law, "a defendant who has received a consecutive sentence is not entitled to credit against the subsequent sentence for time served because any credit for jail time served may only be applied to any unexpired portion of the paroled offense." *Franklin*, slip op. at 2, *citing Mich. Comp. Laws* § 791.238(2); *People v. Johnson*, 205 Mich. App. 144, 146; 517 N.W.2d 273 (1994); *People v. Brown*, 186 Mich. App. 350, 359; 463 N.W.2d 491 (1990).

A state court's application of crediting statutes is a matter of state concern only. *See Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir.2003). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, the state court's application of state law is not cognizable on federal habeas review.

Petitioner also claims that the denial of sentence credit violates the Equal Protection Clause. The Equal Protection Clause mandates that all persons, who are similarly situated, should be treated alike. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Nevertheless, "[t]o withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002), *citing City of Cleburne,* 473 U.S. at 440. Federal courts have consistently held that prisoners do not constitute a suspect class. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000). In addition, there is no fundamental right at issue. *See Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008) (*citing Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th

Cir.1992)).

Legislation which does not classify by race, alienage, national origin, or gender and which does not impinge on personal rights protected by the Constitution need only be rationally related to a legitimate state interest. *Cleburne*, 473 U.S. at 440. Under the rational basis standard, the challenging party bears the burden of demonstrating that there is no rational connection between the legislation and a legitimate state interest. *See Harrah Independent School Dist. v. Martin*, 440 U.S. 194, 198 (1979).

In the case of parolees who commit new crimes while serving a term of parole, the State has a legitimate interest in applying credit for time served to the remainder of the sentences for their previous offenses, that is, enforcing its laws in a way that protects its citizens from recidivists. *See Willavize v. Howes*, No. 1:09-cv-62, 2009 WL 4639483 at *4 (W.D. Mich. Dec. 2, 2009). "Sentencing laws that prescribe consecutive sentences on parolees who commit new crimes while on parole are rationally related to that objective. And detaining parolees on parole holds while the new crimes are adjudicated is a rational choice as well." *Holloway v. Trombley*, No. 05-cv-10276, 2009 WL 270166, *9 (E.D. Mich. Feb. 3, 2009). Thus, the Court finds no violation of the Equal Protection Clause.

Petitioner also argues a violation of the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Because the substantive power to

6

prescribe crimes and determine punishments is vested with the legislature . . . , the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

The Supreme Court "[h]istorically . . . [has] found double jeopardy protections inapplicable to sentencing proceedings, . . . because the determinations at issue do not place a defendant in jeopardy for an offense." *Monge v. California*, 524 U.S. 721, 728 (1998) (internal citation and quotation omitted). When Petitioner committed a new offense while on parole, he became liable for the remainder of his maximum sentence on the pervious offense. *See* Mich. Comp. Laws § 791.238(2). Petitioner has not served the maximum on his previous sentence. Therefore, he has not established that he was punished twice for the same offense.

The Court concludes that Petitioner is not entitled to habeas corpus relief.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's

conclusion that habeas relief is not warranted. Therefore, the Court will deny a certificate of appealability.

**V.**

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on the claim contained in his petition

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                     s/Gerald E. Rosen
                                     Chief Judge, United States District Court

Dated: May 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2010, by electronic mail and upon Cleophas Hiram Franklin, #260415, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 by ordinary mail.

                                     s/Ruth A. Gunther
                                     Case Manager